Good morning, Your Honors. May it please the Court, Alex Mashiri on behalf of Appellant Plaintiff Ziba Youssofi. Your Honor, the issue in this case is a novel issue. It's one of first impression, I believe, and it is the issue here is does the knowing, intelligent, and voluntary waiver apply to adhesion arbitration agreements? And could you be specific about how your argument differs from the one in Roberts which was recently decided? Sure. So in Roberts, Your Honor, what they did was they attack, a constitutional attack on the FAA. They wanted to basically say, look, the FAA violates First Amendment rights. And the Court stated, well, because you bring in a constitutional challenge, you have to have state action. And they made the arguments and the Court disagreed that there was state action. Here, that's not the argument. We're not saying that arbitration, the FAA, or the arbitration clause in this case, violates the First Amendment. We're not saying that. What we're saying is the statute, the constitutional standard of waiver, you have to have something constitutional somewhere here going on. Right. And so the constitutional here, the right is to file a lawsuit and litigate a case in Federal court. That's a constitutional right under the First Amendment. The Ninth Circuit case law says so. The U.S. Supreme Court says so. Now, if you want me, if I have that right to be in court, okay, that's a constitutional right. If you want me to be out of court, if you want to kick me out of court, you better show me that, hey, you can't be here. You waived your First Amendment rights. So essentially, the state action is the court determination that you can't be in the court. You have to go over there. Well, there's a distinction here. Now, we know what Ninth Circuit says. Ninth Circuit case law says, look, simply enforcing an arbitration agreement is not state action, okay? But this argument here is different, because here we're making a waiver argument. So if the state action is required, I would say that the state action here is the judge's refusal or maybe misapplying the waiver. Well, it's hard to see what the just — if — it seems to me that if your argument works, it's because it's the petition clause that you're talking about. And the petition clause runs essentially against the government actor, i.e., the judge. So it isn't — it's just hard to — the waiver context doesn't jump you out of the state action  Well, what I'm saying, Your Honor, is that, look, we have a First Amendment right. That's not disputed. Well, excuse me. That seems to me to be your biggest problem. Your biggest problem is what is your First Amendment right. You have a First Amendment right to come to court, but do you have a First Amendment right not to have the court say, and the rules of this court are that you have to go over there? Well, I have a First Amendment right to be in court and litigate my case in court. Well, that's the second part is what's your support for that. I don't know of any support for that. Obviously, if you come to court and the rule is we don't have any jurisdiction over you, you're allowed — you do have a petition right, as I understand it, to come to court and say that — and try to get the court to assert its jurisdiction. But if the court says I don't have jurisdiction, you don't have any right to go on. Well, the jurisdiction argument would be to the remedy itself, to the relief. So for example, the — so let me back up here. Let's assume you're right, Your Honor. Let's assume that the petition clause only allows to file a lawsuit. Then we get to the second part that Appellee argues is, look, the judge has discretion at this point to hear the petition or not to hear the petition. I understand the argument. He doesn't have discretion. He has a rule that he has to apply. Right. And so now — but, you know, in order for me to file a lawsuit, and it's our position that I can — that my client has a right to be heard in court. Now, to — You were heard in court. You filed a lawsuit. Right. And the judge said, according to the rules that I have to apply, I can't hear that case. You'll have to go to the arbitrator. Right. But now — And you were allowed to file your lawsuit. Sure. But my point is that the First Amendment allows to be heard on the relief, to seek relief. Now — All right. Where are you getting that from? Well, I'm getting that from Ninth Circuit case law. Like what? I'm sorry? Like what? Like — give me one second here. Well, if you look at the Supreme Court, it says you have a right to be heard. Now, when I file a — But you were heard. You went in. But not on the relief I'm seeking. I know. And the question is, where are you getting that from? Well, it says — it says that — okay. Resolution of legal disputes. Right. So if you look at my reply on page 13, the court's president confirms that the Petitioner protects the right of individuals to appeal to courts and other forms established by the government for resolution of legal disputes. You got a resolution. The resolution was that you have to go over there. Well, but that's not the legal dispute. That's where you are. That's not where the legal dispute is. I have a First Amendment right. I have an issue with — my client has an issue with Capital One. The issue here is the telephone calls. That's the dispute. That's the regis I'm asking. Now, I'm — Suppose, for example, that the statute says that if you have that kind of a claim, you have to go to an administrative agency. Right. Would that be a violation of your petition rights? No, because at this point, if I want to seek the TCPA's remedy — let's assume that's a TCPA that Congress put a section that says before you file a lawsuit or you can't file a lawsuit, you have to go to an administrative body and satisfy that first, then that's correct. It does not violate the petition clause, because I have to — because I want to seek the remedy that Congress allowed. All right. Well, here the remedy, Mr. Alanchie, is to go to a private arbitrator because you've signed an agreement to do that. But that's not the remedy, Your Honor. Private arbitration is a completely different thing. Private arbitration is the actual form. It's not the relief sought. It's not the relief — you know, I have a right to be heard in court for legal dispute. The legal dispute is not arbitration. The legal dispute is whether the TCPA has been violated or not. The arbitration, the form is — the court is the form to be heard. So — But it's a procedural right. It's not a substantive right. Well, the last — it is a substantive right. The First Amendment is a substantive. It gives me the right to file a lawsuit and to be heard on my claim, on the claim that I'm bringing, on the dispute that I'm bringing. Courts are enacted to hear legal disputes. The legal dispute here is not whether we should be in arbitration or non-arbitration. The legal dispute here is the — am I entitled to remedies under the TCPA or not? Now, the arbitration issue is, well, where can I be heard? And the Constitution says, well, you can apply — you can petition the government, which is the court. That's what we're doing. So we're petitioning the government to be heard on the substantive issue, which is a petitioning claim. And if the government says, no, I'm not going to hear that? I'm sorry? I mean, that's the other problem with a petitioning claim, is that it's — it isn't really a right to be heard. It's a right to ask to be heard. Well — In other words, if — if you file a petition — I mean, the classic petition — Right. Right? — is to send something to — to a legislator and say, I want you to do X. Right. If you never hear from the — from the legislator, and he tears up all petitions and doesn't read them, is your — is your petition clause violated? Right. But the — Right what? Yes or no? Well — well, let me back up, because applying a petition to a legislator and administrative body is completely different, because if you look at the fundamental about the three parts of the branch of the government, the court is enacted to hear disputes. The Supreme Court ruled the way it ruled because they don't want to burden the administrator and the — and the legislator with listening to a bunch of petitions and dealing with that. They have other things to do. They have other important things to do. The court is enacted to hear legal disputes. The legal dispute here is not arbitration. The legal dispute here is an underlying case. At the very least, the district court has discretion to hear the underlying case. Now, he didn't hear that because he felt that — The courts don't have discretion. They follow rules. Right. Okay. Well, the petition, Your Honor, the petition clause is broad. It even protects litigation activities. So if we say that the petition clause is only limited to filing a lawsuit, then what about the fact that everything in the court is protected by the petition clause? What about the fact that even pre- What do you mean, everything in the court is protected? Well, you stated, Your Honor, in your — well, actually, in SOSA, which is an opinion written by Your Honor, you went over — you know, you discussed the petition clause and the scope of it. And you acknowledged that petitioning, you know, activities in court, for example, filing a complaint, filing an answer, filing pleadings, anything else submitted to the court. Well, anything that is allowed by the rules of the court, but it doesn't change the rules of the court. That's the problem. Well, the rules — Does the right to petition include the right to change the rules of the court so that It's not that the rules of the court infringes about the petition. It's like the rules of the court, it's very simple. It says, look, you are in court, you have a right to be here, you have the right to litigate, but you've got to follow our rules. Make sure you comply with deadlines, make sure you respond to documents. But my point is that the petition clause protects litigation activities. That's the petition clause, Your Honor. You stated in SOSA that anything filed in court, pleadings, are protected by the petition clause. It's broader than that. And then you also included pre-petition activities is protected by the petition clause. So — She was writing for the court. I'm sorry? It wasn't her. The court said it through the petition. Oh, I'm sorry, Your Honor. The court said it. Could I slip one question in here? Yes. I would like to have you distinguish Roberts. I haven't yet seen from your brief or from your oral argument where I would feel comfortable writing the opinion you want us to write in line of Roberts. Okay. Roberts, Your Honor, was a constitutional violation. It was an argument that the FAA violates arbitration in general, that the FAA is unconstitutional. The statute itself is unconstitutional. That was the argument in Roberts. And the court stated, before you bring a constitutional challenge, before you attack a constitution of a statute, you have to have state action, which makes sense. It's correct. I understand that. Here, Your Honor, we're not saying that the FAA is unconstitutional. We're not saying that the arbitration clause is unconstitutional. We're not saying that arbitration is unconstitutional. All of these things are fine. All I'm saying is my client has a First Amendment right to file a lawsuit and to be heard. Now, whether you limit... Specifically. Well... Specifically. Right. You said a lot of things. Okay. If you were writing the opinion, we distinguish Roberts on the basis of, quote... Quote? Fill in the blank. Not with a lot of other arguments. Right. But specifically, why doesn't Roberts control? Right. Specifically because on Roberts, the plaintiffs made a facial direct attack on the Federal Arbitration Act. But the problem you have, that's true. But why does the difference in the nature of the claims change the state action analysis? That's what I understand Judge Wallace to be asking. Sure. Because we're not saying there's anything unconstitutional here. Right? In order to have... You have to be. You have to be saying that there is a cut, there is something that you had the constitutional right to do that you're not being allowed to do because of the assertion that you've waived it. So you have to identify what this constitutional thing is that you were allowed to do. And isn't it the same? And therefore, you need to have a state actor somewhere whose rights you're — whose obligations you're waiving, and that has to differ from Roberts in some fashion. Okay. So if state action is required, the state action here would be — this is the distinction. What do you mean, if? Of course it is. Do you quarrel with that? I mean — okay. Let's assume the state action is required. Well, let me assume. Well, the state action here would be the court's refusal to apply the waiver test. That happens to seem accurate to me. But why is Roberts — why shouldn't Roberts have said the same thing? Because Roberts was a constitutional challenge on the statute itself. See, the — if your Honor supplies the waiver and determines that the First Amendment was not waived, this has nothing to do with the constitutionality of the FAA. The FAA is fine. Look, you want to go to arbitration on the FAA, everything is fine, as long as you show that the person waived the First Amendment right to be in court. There's nothing wrong with Roberts. Okay. Do you want to save any time? Yes, Your Honor.  Yeah, I wanted to save more time. Thank you very much. May it please the Court. Of course plaintiff is asserting a constitutional right in this case. It is no moment to say that there is no constitutional challenge. Plaintiff seeks to interpose the First Amendment's petition clause as a bar to the enforcement of the arbitration agreement in this case. And the specific argument that plaintiff makes based on the petition clause is, I didn't knowingly, intelligently, involuntarily waive that First Amendment right. That has to be rejected on this Court's precedent. The constitutional waiver test is applied only if there is a constitutional right implicated. Well, but isn't he right that the First Amendment right is the right that runs against the court, that he's relying on, is the right that runs against the court to entry to court? Now, he may be way overstating what that right is, but in terms of where the State action is, why isn't there State action when the Court says, I'm not going to hear you, I'm going to go over there? The only place where the State action could be would be there. And to be clear. And it's not a question so much of enforcing. I understand that Duffield said, for example, that the enforcement of a private agreement isn't State action, it's a private arbitration agreement. But that's really not what he's saying. I mean, to me, the problem with this argument is in the substance of the petition clause argument. Well, we obviously agree with that. But I do think that the narrowest ground and the one that's dictated by Roberts and Duffield is that there is no State action. The only two places you could find State action here would be either the court's enforcement of the agreement, because there's nothing else that is forcing the plaintiff to have to go to arbitration. It's the agreement itself. It's either a private agreement in which there's nothing that the court's involved in, or it's the court's enforcement of that, or it's the FAA itself. And Roberts and Duffield. Well, in Roberts, they were trying to find something else with Lugar, and they were essentially trying to find some to make the person who signed the agreement a State actor in some fashion, and that's what failed there. So in a way, it's Duffield that's closer. Well, that's not it. Roberts also tried to – Roberts did two things. It tried to both challenge – have a direct challenge to the FAA, since they were directly challenging the FAA. It also tried to bring in the person who's enforcing the agreement. But Duffield says that enforcement of the contract by a court can't be. And that's actually consistent with this Court's cases overall. So Duffield's the closer in case, in a way. To what? To the State action that you have articulated right now. That's the State action that he's articulating insofar as that. Yes. And I also should remind the Court that in Roberts, this Court specifically articulated that the plaintiff's argument was, and I'm quoting here, that the reason their – the enforcement of their arbitration agreement was barred because, quote, they did not knowingly and voluntarily give up their right to have a court adjudicate their claims. This Court rejected that argument that it recited, requiring State action. Now, the reason why I say the State action has to be in the enforcement, that's the principle that runs throughout this Court's cases and, frankly, the Supreme Court and all the court of appeals cases when you're talking about contracts. You can't just say that when a court enforces a contract, now the Constitution is implicated. This Court's decision in Ono says that contracts between private parties are not, without more, subject to the constraints of constitutional law. So, for example, if I enter into a contract that says I'm going to part with some of my money and pay it to you, just because a court enforces that doesn't suddenly make it a due process clause right that's implicated. There is no First Amendment right implicated here if the government is not the one that is, if Congress is not abridging one's right to petition the government for redress, and that is not happening here under this Court's cases. What is happening is there is a private agreement. The plaintiff has agreed with my client to use arbitration instead of going to court. The reason I have difficulty with it, and this is, you may be right, that if it's precluded, it seems to me it's by Duffield, and I have to look at it more, is that this right is a right that runs against specifically the court, the one he's asserting. Now, as I say, I don't think he's made up the claim that it's been, that there's really a right that's been waived. But suppose there were a petition right as broad as he's arguing for, one that says not only do you have a right to ask me to litigate the case, but to have me litigate the case, the court, that is. So I go to court, and the court says, sorry, I'm not going to let you do that. Well, that's, it seems to me that what's been waived, wherever, by whomever it's been waived, is a First Amendment right. And so the fact that there's a private agreement, I mean, for example, there is a lot of case law that says that a private agreement to waive a jury trial, not in the arbitration context, but once you're actually in court, is subject to the knowing and voluntary waiver standard, right? There are cases, not in the Ninth Circuit when it's decided, arbitration, Seventh Amendment, that's Duffield again. I know that, but I'm not talking about, but that's because it's too far, I mean, it's essentially too early at that point. You don't have a Seventh Amendment right until you're actually in court with a case as to which there's a Seventh Amendment right. But go ahead. So I'll go back to what you said. You said if the court says, I'm sorry, I'm not going to hear it. And by the way, I do want to get to whether there is a Petition Clause right, too, because I agree with you on that point. But if the court says, I'm sorry, I'm not going to hear you, this isn't a case where the court is just someone's coming in and saying, I'm not going to hear you, I don't want to hear it. It's saying, oh, there is a private agreement to arbitrate. The Federal Arbitration Act says under 9 U.S.C. Section 2 that, you know, those are enforceable, absent. There's some reason that there is regular state law contract defenses for the contract not having been formed. That is the reason why the court is saying, I've heard your argument, but I'm sending it over to private arbitration because you entered into a contract by which that would go to arbitration. That is enforcement of arbitration. That is what Duffield says. Enforcement of arbitration is not state action. And Roberts reiterates that. Roberts cites that, quotes it, reiterates it, and says that's the reason why we don't think that the FAA, or trying to pull the opposing party into this and saying they should be associated with the government, constitutes state action. Because all that the FAA does is it says, if you have a contract, then we will enforce it. That's what the judge is saying when the judge says, I'm not going to hear your case. And so that's why I think this Court's precedents squarely support it. And I think the two things collapse because the reason he's saying go out of court is because of a private agreement. That's right. I mean, I think in so many parts of this case where plaintiff is trying to put some distance between two principles, there is no distance between those principles. There is no distance between state action and waiver. The only time waiver comes up is if there is a constitutional right implicated. There is no distance between saying, oh, what if a court rejected? It's not based on the FAA. It's not based on the agreement. Of course it's based on those. We do agree, as we put forward in our brief, that under the Petition Clause that all you have is a right to go to court and be heard. Just like I think that the argument that any time a court, any time someone surrenders what would otherwise be a constitutional right, if the government were depriving them as opposed to a private contract, doing it would be have severe ramifications for a constitutional law. It would be all sorts of contracts. It could implicate due process clause because you're surrendering property. I also think that their Petition Clause argument, for the reasons you articulated during my opponent's argument, would have severe ramifications. There are jurisdictional rules. There are administrative exhaustion rules. All of these things would have to be questioned under the Petition Clause. And I think one of the clearest cases that I think explains this best was the D.C. Circuit's decision in American Business Association v. Rogoff that we cite in our case. That's an example where it's actually a great fact pattern. It has to do with charter bus service to the Mariners games in Seattle. And there's an actual rule under a federal statute that says, you know, you can't be supplying that charter service if you're getting federal funds. Well, the people really loved it. And Senator Murray said, I really want to make sure these charter buses continue. And they passed an appropriations bill that said the Department of Transportation may not expend any money enforcing this charter rule as to these charters to the Mariners games, only those, nothing else. And the Petition Clause argument was, we get to go to the agency. We get to argue that this is a violation of the rule. We want the agency to enforce it. And the agency says, but we can't do anything about it. We literally can't. We're not allowed to spend a single cent doing this. We'll listen to you. We can even say we agree with you, but we can't do anything to enforce it. And the other thing is, we can't do anything to enforce it. Sotomayor Well, how can you even listen to them if they can't spend any money? Are they paying the salaries of the people listening? That's what I thought you were going to say. That would make it even more interesting. Goldstein Yeah, no. Well, I mean, they actually said we could listen to it, I suppose. Maybe they're being paid to be there anyway. But in any event, they say no Petition Clause problem whatsoever. Because you have a right to be heard. You don't have a right to have the court to enforce it. And they said, you can't even spend money to have somebody listen to you, to open the mail. That's the Petition Clause problem, right? Goldstein That would present a much more interesting question. But that's not the question in this case. So the way I understand, if there's any limit to what you're arguing, are you saying Duffield and Roberts leave no gap for any future argument that the court's enforcement of an arbitration clause based on the FAA could violate the First Amendment? There's no path. I am saying that. There is no path whatsoever. It forecloses that argument. There is no State action whatsoever. And that's the point. Kagan It is true, I think, that neither of those cases were specifically about a knowing involuntary waiver standard, as opposed to you can't do it all. We should not be sent to the arbitrator, even if no matter what. Goldstein I'm going to say maybe that's correct. As I read the quote from you, that this Court articulated that the argument they made in Roberts was that we didn't knowingly and voluntarily waive our rights, the Court rejected it, articulating the no State action. In Duffield, the plaintiff actually did argue that they had not knowingly and voluntarily waived their rights. Now, I concede the decision by the Court says that those there were two forms of the knowing involuntary argument that were only made as to the Title VII claims, but the argument they had in that case was that this was mandatory arbitration, the same type of argument that the plaintiff wants to make in this case about why it's not a voluntary waiver, because there was unequal bargaining power. In that case, what the Court said was this was, they were going to call it compulsory arbitration throughout, because your choice was either to agree to arbitration or find a job in an entirely different industry, because the entire industry required those rules. There's no doubt that Duffield was about compulsory arbitration. Whether or not they specifically said we reject the knowing involuntary waiver standard really seems besides the case, because there's no doubt what the case was actually about. And the Court said no State action. And you can't, if you don't have State action. What this Court has said over and over again, the George decision, the Ono decision, and it's based on the text of the First Amendment and it's based on Supreme Court decisions, is that the First Amendment is only a restriction against the government. That is it. And because it's only a restriction against the government, the only time your First Amendment right is implicated is if you have given up the right to allow the government to abridge your right to petition the government for redress. This, there is no such State action here under Duffield and under Roberts and under well-established State action precedent. Enforcement of a contract is not enough. The FAA doesn't do anything other than enforce private agreements, and this Court's case is confirmant. Sotomayor, is it possible courts have extended, overread the FAA, as I believe the Professor Amici argued? No. I don't believe – well, first of all, again, I hate to sound like a broken record. That argument – the Professor Amici is the counsel in Roberts, and that was the argument in Roberts. That was the specific argument that this Court said this is not – this fails the subtle encouragement test. So, no, I don't believe so. I also think that it doesn't matter in this case. There's no argument in this case that there was some special presumption under the FAA that led this arbitration agreement to be read differently than normal contract law would. The contract is entirely clear. So I don't think that there was any – for example, there's no thumb on the scale in this case that the FAA gave that suddenly changed this from normal contract law into something else. It's just that the language is clear in the agreement. It is very clear that you are agreeing to give up your right to have a jury. You're giving up your right to be in court. So – but I don't think there's anything to that argument. And again, I think the Ninth Circuit precedent forecloses that argument. Okay. Thank you. If there are no further questions. Thank you very much. I'll give you two minutes in rebuttal. Your Honor, first of all, this is not mere contract law. This is a contract that involves a constitutional right. And the Sixth Circuit stated that a contract that involves a waiver of a constitutional right, more than mere contract law is involved to determine whether the waiver is adequate, and that's the KMC case. Now, I think everybody is forgetting one important thing. First of all, Roberts never addressed the waiver argument. Duffield didn't address a waiver argument. In Duffield, the plaintiff argued that the form U-4 violates the Fifth – the Fifth – I believe it was the Fifth Amendment and the Article III. That case has nothing to do with this case. We're not making a constitutional challenge. It has a lot to do with it. It may be sufficiently different, but it certainly has a lot to do with it. I know, but what's the constitutional challenge we're making here? We're not making a constitutional challenge. We're not saying anything is that – all we're saying is we have a right to file  a case that at least has discretion to hear the case based on rules of the court. Now, that's all we're asking for. We weren't heard on the merits of the dispute. The court kicked us out. The court said, no, you can't hear the merits of the dispute here in court. You've got to go to arbitration. Well, if you want me to go to arbitration, you've got to tell me that I waive my right to at least have your discretion to be heard on the merits of the case. That's the issue here, Your Honors. There is no constitutional violation. The AT&T mobility is not relevant in this case. We're not challenging the FAA. The FAA is fine. If you can show that my client waived his right to be in court, then compel him to arbitration. All we're asking is to apply the waiver. The waiver, all it does, it puts a check and balance into this arbitration system. I mean, look what's happening here, Your Honors. You know, we have someone who's being compelled to arbitration who never even received an arbitration agreement. Well, if that's true, then you win. Right. Anyway, right. But my point is, Your Honor, you have a right to be in court to petition the court. And there is no constitutional challenge here, no State action. And if there is a State action, here is the State action. It's the court's refusal to apply the waiver test and kick someone out of court and go to arbitration. That in itself is a State action. That's a judicial enforcement. And that's not just Duffield. Duffield says, look, there is no State action if we simply say, look, you agree to arbitration, go to court. That's different from here. Here, the court is actually doing another analysis. They're doing a constitutional waiver analysis. The district court said, look, this doesn't apply here. So it's more than just simply enforcing a contract. Here you have a court that's actually interfering, you know, applying a constitutional question and then disagreeing with the appellant. All right. Your time is up. Thank you very much. Thank both of you for your argument. The case of Yousafi v. Credit I Financial is submitted, and we are adjourned. The court for this session stands adjourned.
judges: Wallace, Berzon, Mueller